UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-MJ-2094 Turnoff

UNITED STATES OF AMERICA

vs.

BRIAN BRAMAN THOMAS,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

BY: _____
       JONATHAN D. STRATTON
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No. 93075
       99 N.E. 4th Street, 6th Floor
       Miami, Florida 33132-2111
       TEL: (305) 961-9151
       FAX: (305) 530-4699

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>BRIAN BRAMAN THOMAS,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 16-MJ-2094 Turnoff<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 6, 2016__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 860(a) | Possession of Cocaine with Intent to Distribute within 1000 Feet of a School |
| 18 U.S.C. 922(g)(1) | Possession of Ammunition by a Previously Convicted Felon |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Onassis Perdomo, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/07/2016

_____
*Judge's signature*

City and state: Miami, Florida       Hon. William C. Turnoff, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, a Task Force Officer with the Bureau of Alcohol, Tobacco & Firearms ("ATF"), Onassis Perdomo, being duly sworn, hereby state:

1. I have served as an ATF Task Force Officer in Miami-Dade County for five years. I am also a Detective with the Miami Gardens Police Department ("MGPD") and have been so employed for approximately nine years. Prior to my employment with the MGPD, I was an officer with the Miccosukee Police Department for approximately five years. As part of my duties as an ATF Task Force Officer, I am responsible for investigations of violations of Federal and State laws, including those pertaining to firearms. In the course of my duties as a Detective, I participated in the investigation of the defendant, Brian Braman Thomas ("THOMAS").

2. The facts and circumstances contained herein have become known to me in the course of my official duties based on my personal knowledge, as well as facts related to me by other law enforcement officials and non-law enforcement sources active in this investigation. This affidavit is provided for the limited purpose of establishing probable cause and, therefore, does not contain all the facts known to me relating to this investigation.

## PROBABLE CAUSE

3. In June 2016, MGPD received information that the residents of 19351 NW 45 Avenue, Miami Gardens, Florida (the "Target Residence"), were using the townhouse for the purpose of selling narcotics. Law enforcement was also advised that the occupants had firearms inside the apartment to protect their business. From June 2016 through September 2016, law enforcement conducted surveillance at the Target Residence and observed THOMAS engaging in what appeared to be hand-to-hand drug transactions with individuals who would arrive in cars, on bicycles, and on foot. While observing these transactions, law enforcement was able to observe

students from Miami Gardens Elementary School conduct their physical education activities, as the Target Residence is approximately 15 feet away from the chain link fence that surrounds the school and approximately 40 feet away from the area the students were located.

4. Law enforcement also conducted controlled purchases of crack cocaine from THOMAS and an unknown person at the Target Residence on or about July 26, 2016 and August 11, 2016.

5. On or about September 6, 2016, law enforcement obtained a search warrant for the Target Residence signed by an Eleventh Judicial Circuit of Florida Judge, which agents executed that same day.

6. During the morning of September 6, 2016, Your Affiant conducted surveillance on the Target Residence. At approximately 10:30 a.m., Your Affiant observed THOMAS enter a burgundy Chevy Impala and drive away from the area. Assisting units conducted an investigatory stop on the vehicle and placed THOMAS in custody. During the investigatory stop, a clear bag containing approximately five (5) grams of marijuana was discovered plain view in the vehicle's center counsel. During the investigatory stop, Your Affiant read *Miranda* rights to THOMAS per card and THOMAS advised that there was currently no one inside Target Residence. THOMAS also advised that he had crack cocaine inside the Target Residence, along with ammunition for his firearm, which had been stolen approximately one week prior. Your Affiant then retrieved the car keys from THOMAS and returned to the Target Residence with assisting law enforcement officers.

7. At approximately 11:00 a.m., Your Affiant arrived at Target Residence and opened the front door using the keys discovered on THOMAS. Your Affiant and assisting law enforcement officers then entered the Target Residence to execute the search warrant.

8. During the search, law enforcement asked THOMAS if he was willing to cooperate and give the location of the narcotics. THOMAS advised that there was crack cocaine in the living room dresser, marijuana inside his bedroom, and ammunition throughout the Target Residence. A search of the Target Residence revealed the following:

   a. In the living room:
      i. Multiple photos of THOMAS on the walls;
      ii. Multiple documents with THOMAS' identifying information in the dresser;
      iii. One (1) medicine bottle with +/- 1 gram of marijuana inside TV stand;
      iv. One (1) clear bag with 47 crack cocaine rocks +/- 8 grams in the dresser;
      v. One (1) box with forty-two (42) rounds of .380 caliber ammunition in the closet;
      vi. One (1) box with fifty (50) rounds of 9 millimeter ammunition in the closet.
   b. In the first floor bathroom:
      i. One (1) metal green box under the sink with:
         1. Fifty-seven (57) rounds of .32 caliber ammunition;
         2. One hundred and thirty-four (134) rounds of .38 caliber ammunition;
         3. One (1) box with fifty (50) rounds of .32 caliber ammunition;
         4. Two (2) boxes with ninety-seven (97) rounds of .32 caliber ammunition.
   c. In the kitchen:
      i. Multiple empty zip lock baggies;
      ii. Two (2) digital scales.

  d. In the bedroom:

    i. One (1) bag with +/- 50 grams of marijuana by the bed;

    ii. Two (2) zip lock baggies with 12 MDMD rocks +/- 1 gram under the TV stand;

    iii. Seven (7) rounds of .380 caliber ammunition under the TV stand;

    iv. Multiple documents with THOMAS name and address;

    v. One (1) box with forty-four (44) rounds of 9 millimeter ammunition on the TV stand.

9. THOMAS was then transported to the Miami Gardens Police Department where he was placed inside an audio/video recorded interview room. Your Affiant then conducted a post-*Miranda* interview of THOMAS. During the interview THOMAS advised that he sells crack cocaine and marijuana from the Target Residence, averaging approximately $500 a week in sales. THOMAS further advised that all of the ammunition in Target Residence was his and that he had a firearm stolen from his vehicle approximately one week prior. THOMAS advised that he lives in Target Residence with his fiancé and four step children. THOMAS also advised that he knows of the school right behind the Target Residence since his youngest daughter attends the school and he walks her to school.

10. The ammunition seized from the Target Residence was manufactured outside of Florida.

11. A criminal records check indicates that THOMAS has previous felony convictions for: (1) Solicit to Commit Armed Robbery (Case No. 062003CF005272B88810); (2) Possession with Intent to Distribute Cocaine (Case No. 062002CF009155A88810); and (3) Cocaine Possession (Case No. 062002CF008053A88810)

5

12. Based on the information contained in this affidavit, there is probable cause to believe that, on or about September 6, 2016, in Miami-Dade County, in the Southern District of Florida, Brian Braman THOMAS did: (a) knowingly and intentionally possess with the intent to distribute cocaine within 1000 feet of a school, in violation of Title 21, United States Code, Section 841(a)(1) and 860(a); and (b) knowingly possess ammunition that traveled in interstate and/or foreign commerce, after having been convicted of a felony, in violation of Title 18, United States Code, Sections 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
ONASSIS PERDOMO
ATF Task Force Officer

Subscribed and sworn to before me this 7th day of September, 2016.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE