UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20695-CR-MORENO

UNITED STATES OF AMERICA,
        Plaintiff,

v.

BRIAN THOMAS,
        Defendant.
_____/

GOVERNMENT'S RESPONSE TO LETTER MOTION (DE 35)

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to defendant Thomas' pro se letter filed July 21, 2021 (DE 35), as follows:

STATEMENT OF THE CASE

On November 22, 2016, defendant Thomas pled guilty to Counts Two and Three of a three-count indictment pursuant to a written plea agreement (DE 17, 18; DE 30, Change of Plea Transcript). Count Two charged Thomas with possession with intent to distribute a detectable amount of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a); and Count Three charged him with possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (DE 5).[1]

---

[1] Count One, which also charged Thomas with possession with intent to distribute controlled substances near a school, was dismissed at sentencing.

On January 24, 2017, this Court sentenced Thomas to 188 months' imprisonment on Count Two, followed by six years' supervised release, and to 120 months' imprisonment on Count Three, concurrent with the sentence imposed on Count Two, followed by a concurrent term of supervised release of three years (DE 22, 23; DE 28, Sentencing Transcript, p. 26).[2]  Thomas did not appeal.

On February 5, 2018, Thomas filed a motion to vacate, set aside or correct his sentence pursuant to Title 28, U.S.C., Section 2255 (DE 29; Case No. 18-20439-CIV, DE 1).  As articulated by the Magistrate Judge, Thomas raised the following issues:  (1) ineffective assistance of counsel for failing to file a motion to suppress evidence relating to the constitutionality of the investigative stop; (2) ineffective assistance for failing to file a notice of appeal (this claim was voluntarily dismissed by Thomas, as noted by the Magistrate Judge); (3) ineffective assistance for failing to conduct a pre-trial investigation into the constitutionality of the investigatory stop; (4) ineffective assistance for failing to conduct a pre-sentencing investigation into the existence of a video interview containing mitigating evidence as to sentencing and for failing to investigate whether Thomas' 2002 state conviction for delivery of cocaine qualified

---

[2] The J&C incorrectly states that, as to Count Three, a concurrent period of 72 months of supervised release was imposed; however, the sentencing transcript reflects that a concurrent period of three years of supervised release was imposed as to that count.

for a career offender enhancement; and (5) ineffective assistance where the cumulative effect of counsel's errors resulted in an involuntary guilty plea (Case No. 18-20439-CIV, DE 24, p. 2-3). The Magistrate Judge recommended that the motion be denied on the merits (*id.*), and this Court subsequently adopted the Magistrate Judge's finding and denied the motion (*id.*, DE 25, 26).

On April 17, 2020, Thomas filed a motion for release from custody on the basis that, at sentencing, the Court relied on a prior violent offense which he claimed he was innocent of; the Court denied the motion on June 5, 2020 (DE 32, 33).

On July 21, 2021, a pro se letter from Thomas was filed (DE 35). On July 22, 2021, the Court ordered the government to respond to Thomas' letter on or before August 20, 2021 (DE 37).

## MEMORANDUM OF LAW

Defendant Thomas' letter (motion) asks the Court whether he is entitled to relief based on the following claims:

1. Whether he was improperly sentenced as a career offender based on a prior robbery conviction under the Supreme Court's ruling in *United States v. Davis*, 139 S.Ct. 2319 (2019); and

2. Whether he is entitled to relief under Section 404 of the First Step Act of 2018.

As set forth below, no relief is warranted.

## CLAIM ONE

Defendant Thomas' *Davis* claim is not cognizable. Indeed, Thomas fails to cite to any statutory authority which would allow

this Court to consider the claim. However, because he is attempting to challenge the legality of his sentence, the primary statutory authority for doing so lies in Title 28, U.S.C., Section 2255. *McCarthan v. Dir., Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief); *Reyes-Requena v. United States*, 243 F.3d 893, 900-901 (5th Cir. 2001) (Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence).

But Thomas has already prosecuted a first Section 2255 motion as set forth above (Case No. 18-20439-CIV). Consequently, he would have to obtain authorization from the Eleventh Circuit Court of Appeals to file a second or successive Section 2255 motion. 28 U.S.C. § 2255(h). Thomas has not sought such authorization to file this claim.

Although he could attempt to seek such authorization from the Eleventh Circuit, his *Davis* claim would now be untimely. Under § 2255(f)(3), prisoners have one year to file a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Because the Supreme Court decided *Davis* on June 24, 2019, any claim based thereon would now be untimely.

4

Moreover, even if Thomas had properly and timely raised his *Davis* claim, it would be meritless. Thomas in fact was appropriately sentenced as a career offender because the contested predicate - his prior Florida state conviction for robbery with a firearm - is not impacted by *Davis*. In *Davis*, the Supreme Court held that the residual clause at Title 18, U.S.C., Section 924(c)(3)(B) is unconstitutionally vague. 139 S.Ct. at 2336. The residual clause had defined "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.*

But Thomas' prior Florida state conviction for robbery with a firearm (PSI, ¶ 35) was not affected by *Davis*. Instead, that conviction was properly determined to be a "crime of violence" under the career offender provisions of the Sentencing Guidelines, §§ 4B1.1, comment. (n.1) and 4B1.2(a)(1). Indeed, since *Davis*, the Eleventh Circuit has consistently held that a defendant's Florida conviction for armed robbery—-the same offense at issue here—-qualifies as a crime of violence under the career offender provision pursuant to Section 4B1.2(a) of the guidelines. *See United States v. Ochoa*, 941 F.3d 1074 (11th Cir. Oct. 24, 2019) ("Both the Supreme Court and this Court have held that a defendant's Florida robbery conviction qualified as a violent felony under the ACCA's elements clause [citing *Stokeling v. Unites*

5

*States*, 139 S.Ct. 544, re a 1997 Florida robbery conviction, and *United States v. Fritts*, 841 F.3d 937, 939-44 (11th Cir. 2016) re a 1989 Florida armed robbery conviction]. Similarly, this Court has held that Florida attempted robbery is a crime of violence under U.S.S.G. § 4B1.2(a)'s elements clause. [citing *United States v. Logckley*, 632 F.3d 1238, 1240 n.1, 1245 (11th Cir. 2011) for the proposition that the defendant's 2001 Florida attempted robbery conviction categorically qualifies under the elements clause as a predicate for the career offender enhancements]"; *see also United States v. LaFrance*, ___ F.Appx. ___, 2021 WL 3163766 (July 27, 2021) (holding that Florida robbery conviction is a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), which has the same meaning for a crime of violence as the career offender provision at U.S.S.G. § 4B1.2(a)).

Accordingly, the Supreme Court's *Davis* decision, which invalidated § 924(c)(3)(B)'s residual clause, has no bearing on Thomas' career offender enhancement. Instead, the career offender enhancement was based, in part, on his Florida conviction for armed robbery, which was properly determined to be a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s elements clause.

Thus, Thomas' *Davis* claim is an unauthorized second or successive § 2255 claim which is not only untimely, but meritless. As such, this claim should be dismissed.

CLAIM TWO

Thomas also asks the Court whether he is entitled to relief under Section 404 of the First Step Act of 2018. Although that claim is cognizable, it does not afford Thomas any relief from the sentence imposed.

With respect to the relevant drug offense, Thomas was charged with, and convicted of, possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), within one thousand feet of a school, in violation of 21 U.S.C. § 860(a), and that, *pursuant to 21 U.S.C. § 841(b)(1)(C)*, the violation involved a mixture and substance containing a detectable amount of cocaine base; i.e., crack cocaine (DE 5, Count Two; DE 23). The Presentence Investigation Report ("PSI") reflects that the amount of crack cocaine was 5.4 net grams (PSI (Rev. 1/17/17), ¶ 10).[3]

Section 404 of the First Step Act of 2018 made Sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive. In relevant part, Section 2(a) of the Fair Sentencing Act increased the minimum threshold quantities of crack cocaine necessary to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams, and in Section 841(b)(1)(B) from five grams to 28 grams. Pub.L. No. 111-220, 124 Stat. 2372. Prior to the First

---

[3] Because Thomas was charged with committing the offense within one thousand feet of a school in violation of 21 U.S.C. § 860(a), the statutory penalty for the offense was doubled, from a maximum of twenty years to forty years (PSI ¶ 81).

7

Step Act, the provisions of the Fair Sentencing Act applied only to offenses for which a defendant was sentenced after its effective date (August 3, 2010). *See Dorsey v. United States*, 567 U.S. 260, 273 (2012).

As Thomas was sentenced in January, 2017, after the effective date of the Fair Sentencing Act, any applicable sections of that Act would have been applied at that time. But the Act did not, in any event, affect Thomas' sentence.

As noted, the indictment specified that the amount of crack cocaine alleged was pursuant to 21 U.S.C. § 841(b)(1)(C), applicable to crack cocaine offenses involving less than the minimum quantities covered under Sections 841(b)(1)(A) and (B); i.e., 280 and 28 grams respectively. The Supreme Court has recently held that violations of Section 841(b)(1)(C) are not covered offenses under Section 404 of the First Step Act. *Terry v. United States*, ___ U.S. ___, 141 S.C. 1858, 1864 (June 14, 2021). Indeed, the Supreme Court observed that the Fair Sentencing Act of 2010 did not alter the statutory penalties in Section 841(b)(1)(C). *Id.* at 1862-63.

Accordingly, because Section 404 of the First Step Act of 2018 does not apply to offenses under 21 U.S.C. § 841(b)(1)(C), the relevant offense here, Thomas is not entitled to relief under its provisions.

**CONCLUSION**

WHEREFORE, the government respectfully requests that the Court deny Thomas' letter (motion), as he is not entitled to relief.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BY: *s/Alicia E. Shick*
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 124842
500 E. Broward Boulevard, Suite 700
Fort Lauderdale  FL  33394
Tel. No. (954) 660-5793
Email: Alicia.Shick@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, and that a copy was sent via U.S. mail to defendant Thomas as follows:

Brian Braman Thomas
Reg. No. 09493-104
FCI Miami (Low)
P.O. Box 779800
Miami  FL  33177

*s/Alicia E. Shick*
ALICIA E. SHICK
ASSISTANT UNITED STATES ATTORNEY